UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | |
| MICHAEL LEE SMITH, ) | Case No. 14-cr-189 (TSC) |
| ) | |
| Defendant. ) | |

## ORDER

Michael Lee Smith has moved for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). (*See* ECF No. 69 (Release Mot.).) In light of a change in the law affecting his guidelines range, COVID-19, and his health conditions,[1] Smith moves for his sentence to be reduced to time served so that he may be released to live with his mother in Washington, D.C. (*See* ECF No. 74 (Reply).) The Government opposes the motion. (*See* ECF No. 70 (Opp.).)

## I. BACKGROUND

In 2015, Smith pled guilty to Possession with Intent to Distribute 28 Grams or More of Cocaine Base, and Aiding and Abetting, in violation of 21 USC §§ 841(a)(1), 841(b)(1)(B)(iii), and 18 USC § 2, and was sentenced to 100 months in prison to be followed by 60 months of supervised release. (ECF Nos. 45, 56.) Smith has now served over 67 months. (ECF No. 51 (PSR) at 1 (arrest date of September 23, 2014).)

---

[1] Smith is a 47-year-old African American male with an abnormal heart murmur, a documented history of smoking, and "mild degenerative joint disease." (ECF No. 75 (DOC Medical Records).)

When Smith was sentenced, his 2011 conviction for attempted distribution of a controlled substance was deemed a qualifying offense for career offender designation. (ECF No. 51 (PSR) ¶ 39.) Since then, however, the D.C. Circuit has held that the applicable provision of the career offender guideline "clearly excludes inchoate offenses," such as attempted distribution of a controlled substance. *United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018). This correction, had it come before Smith's sentencing, would have reduced the bottom end of his guidelines range by 96 months, from 188 to 92.

## II. DISCUSSION

As modified by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). If the exhaustion requirement is met, the court must then decide whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In doing so, the court must also consider the 18 U.S.C. § 3553(a) sentencing factors, to the extent they apply. *Id.*

A. <u>Exhaustion</u>

Smith concedes that he has not met the exhaustion requirement because though he filed a compassionate release request with the Warden on May 5, 2020, the requisite 30 days have not yet passed. (*See* ECF No. 74-1, Ex. A.) Nonetheless, Smith argues that exhaustion can and should be waived. (Def. Reply at 5–13.) The Government disagrees. (Gov. Opp. at 9–10.)

In *United States v. Jennings*, No. 18-cr-017-TSC, ECF No. 30 at 2–4 (D.D.C. Apr. 22, 2020), this court concluded that the exhaustion requirement is non-jurisdictional and may be waived

where exhaustion would be futile, where "administrative remedies are inadequate," or where "irreparable injury would result unless immediate judicial review is permitted." *Id.* at 3 (quoting *Randolph-Sheppard Vendors of Am. V. v. Weinberger*, 795 F. 2d 90, 107 (D.C. Cir. 1986)). Exhaustion would be futile in this case because BOP has already indicated that Smith will not meet its criteria for release and that Smith would likewise not be eligible for expedited home confinement. (*See* Opp. at 4.) Irreparable injury would also result if, while waiting for a response from BOP, Smith serves more time in prison than would be deemed appropriate under a correct application of the sentencing guidelines. Accordingly, the court finds it appropriate to waive the exhaustion requirement in this case.

    B. <u>Extraordinary and Compelling Reasons for Sentence Reduction</u>

The court finds that Smith has set forth "extraordinary and compelling reasons" to warrant a reduction in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Smith's age, health, and the COVID-19 pandemic all weigh in favor of a sentence reduction, but the strongest basis is to make his sentence consistent with the D.C. Circuit's recent holding that the applicable provision of the career offender guideline "clearly excludes inchoate offenses." *See United States v. Winstead*, 890 F.3d 1082, 1091 (D.C. Cir. 2018). If this clarification had come before Smith's sentencing, his total offense level would have been 23, instead of 31, and the guidelines range would have been 92 to 115 months, instead of 188 to 235 months. That change is particularly meaningful in Smith's case, because the parties agreed to ask for a sentence of 100 to 120 months—well below the bottom end of the guidelines range. (*See* ECF No. 50, Gov. Sentencing Memorandum.) This change in law, given its significant bearing on Smith's sentence, is itself an extraordinary and compelling reason to reduce his sentence.

In finding "extraordinary and compelling reasons," courts are not limited to issues of poor health and advanced age. The statute itself does not constrain the meaning of "extraordinary and

compelling," and the applicable Sentencing Guidelines policy statement specifically provides that in addition to health and age, "other reasons" can be considered. *See* U.S.S.G § 1B1.13, App. Note 1(D).[2]

Consistent with the statute, courts have held, noted, and implied that a change in law affecting the fairness of the sentence, like the one here, is relevant in determining whether extraordinary and compelling reasons exist. *See, e.g., United States v. Almonte*, 2020 WL 1812713, at *9 (D. Conn. Apr. 9, 2020) (describing change in law that effected the fairness of the sentence as a "relevant consideration"); *United States v. Mamau*, 2020 WL 806121, at *5 (D. Utah Feb. 18, 2020) ("[T]he fact that [the Defendant] would not receive the same sentence if the crime occurred today" is part of the combination of factors that "all represent extraordinary and compelling grounds to reduce his sentence."); *United States v. Urkevich*, 2019 WL 6037391, at *4 (D. Neb. Nov. 14, 2019) ("A reduction in his sentence is warranted by extraordinary and compelling reasons, specifically the injustice of facing a term of incarceration forty years longer than Congress now deems warranted for the crimes committed."); *United States v. Brown*, 411 F. Supp. 3d 446 (S. D. Iowa Oct. 8, 2019) (strongly implying that changes to how sentences are calculated could be an extraordinary and compelling reason to modify a sentence); *United States v. Cantu-Rivera*, 2019 WL 2578272, at *2 (S.D. Tex. June 24, 2019) ("the Court recognizes as a factor in this combination the fundamental change to sentencing policy carried out in the First Step Act's elimination of life imprisonment as a mandatory sentence solely by reason of a defendant's prior convictions").

---

[2] Even if note 1(D) was construed to restrict "other determinations" to those "determined by Director of BOP," the First Step Act conflicts with such an interpretation. *See United States v. Brown,* 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) ("the most natural reading of the amended § 3582(c) . . . is that the district court assumes the same discretion as the BOP Director when it considers a compassionate release motion properly before it."); *United States v. Beck*, 2019 WL 2716505 at *6 (M.D.N.C. June 28, 2019) ("An interpretation of the old policy statement as binding on the new compassionate release procedure is ... inconsistent with the First Step Act, which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when BoP finds they are not appropriate.")

In addition, releasing Smith is consistent with the Sentencing Commission's section 3553(a) sentencing factors and the applicable policy statements.[3]  *See* 18 U.S.C. 3553(a); U.S.S.G. § 1B1.13.  The sentence that Smith has served thus far, and that he will continue to serve while on supervised release, balances the seriousness of his crime with his acceptance of responsibility.  There are also a variety of factors suggesting that Smith does not pose "a danger to the safety of any other person or to the community."  U.S.S.G. § 1B1.13(2).  His conduct in prison has been exemplary, and counsel represents that he has not lost any good time credit.  (Reply at 42.)  His only two disciplinary infractions were for refusing to obey an order and for "trying to shop commissary during a diff[erent] unit time."  (*Id.* at 43.)  There is also no dispute that Smith has taken advantage of educational and vocational programs in prison.  (Mot. for Release at 3.)  Finally, he has a stable place to live: his release plan includes living with his mother, whose address in D.C. was verified in the Presentence Report.  (*See* ECF No. 51 at 2.)

Having found extraordinary and compelling reasons to reduce Smith's sentence, and finding such a reduction consistent with the section 3553(a) factors and the applicable policy statements, the court will reduce Smith's sentence from the original 100 months plus 60 months of supervised release to 75 months plus 60 months of supervised release.

### III. ORDER

In light of the foregoing discussion, it is hereby

ORDERED that Smith's motion is GRANTED in part and it is further ORDERED that Smith's sentence be REDUCED to 75 months imprisonment plus 60 months of supervised release under the conditions in the original judgment.

---

[3] Because the applicable guidance has not been amended to incorporate the statutory changes to section 3582, it is properly viewed as "helpful guidance" but is not "ultimately conclusive." *United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) (quoting *United States v. Fox*, No. 2:14-cr-03, 2019 WL 3046086, at *5 (D. Me. July 11, 2019).)

<u>If Smith is released in the next 90 days</u>, it is further

ORDERED that Smith must reside with his mother at the address designated in his PSR (ECF No. 51), unless he receives permission from the Probation Office to reside elsewhere;

ORDERED that Smith must not leave the residence until two weeks after arrival at the residence, unless he is seeking necessary medical care, and that in the event that Smith must leave the residence to seek such care, he shall report such medical visits to the Probation Office in advance;

ORDERED that Smith must call the Probation Office within 72 hours of his release; and

ORDERED that all other provisions of the sentence imposed on October 27, 2015 remain in effect.

Date:  May 14, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge